Alan S. Gutman, SBN 128514
Matthew E. Hess, SBN 214732
GUTMAN LAW
9350 Wilshire Blvd., Ste. 350
Beverly Hills, CA 90212
Telephone: 310-385-0700
Email: alangutman@gutmanlaw.com
       mhess@gutmanlaw.com
       johnjuenger@outlook.com

Attorneys for Plaintiffs GUNDAM TOURING SERVICES US, LLC; GUNDAM PRODUCTIONS, LLC and WATERHEAD INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUNDAM TOURING SERVICES US LLC; GUNDAM PRODUCTIONS, LLC; and, WATERHEAD INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KATARINA BENZOVA, <br><br> Defendant. | CASE NO. 2:23-CV-08968 FMO (Ex) <br><br> **SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs Gundam Touring Services US LLC, Gundam Productions, LLC, and Waterhead International, Inc. (collectively, "Plaintiffs"), allege as follows:

## INTRODUCTION

1. This is a declaratory relief action for non-infringement of copyright to determine whether Defendant Katarina Benzova ("Benzova"), a former tour photographer for musical artist Guns N' Roses ("GN'R"), granted Plaintiffs a license to use photographs and videos she was paid to take. Plaintiffs seek a judicial declaration they were granted an irrevocable license to use the photographs and videos, and that neither Plaintiffs nor any affiliated person or entity have any liability for any alleged infringement in the copyright to the subject photographs

1
**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF**

and videos.

## PARTIES

2. Plaintiff Gundam Touring Services US LLC ("Gundam Touring") is a Delaware limited liability company with its principal place of business in the County of Los Angeles, State of California.

3. Plaintiff Gundam Productions, LLC ("Gundam Productions") is a Delaware limited liability company with its principal place of business in the County of Los Angeles, State of California.

4. Plaintiff Waterhead International, Inc. ("Waterhead") is a Delaware corporation with its principal place of business in the County of Los Angeles, State of California. Gundam Touring, Gundam Productions and Waterhead are entities that have been utilized to manage tours by GN'R.

5. Plaintiffs are informed and believe and thereon allege Defendant Benzova is an individual who at all relevant times herein resided in the County of Los Angeles, State of California.

## JURISDICTION AND VENUE

6. This action is brought, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has federal question jurisdiction in this matter in that Plaintiffs seek a declaration of rights under the United States Copyright Act, 17 U.S.C. §§ 101, et seq.

7. Venue lies within this district pursuant to 28 U.S.C. §§ 1391 and 1400 in that Defendant Benzova resides and is subject to personal jurisdiction in this district.

## CLAIM FOR DECLARATORY RELIEF

8. Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1 through 7 as though said allegations were set forth in their entirety herein.

9. Benzova was initially engaged to work as a tour photographer with GN'R pursuant to a written engagement agreement with Waterhead entered into on or about October 9, 2010. That agreement provides, inter alia, that the "'Works' shall mean the artwork, photographs and all other results and proceeds of Artist's Services…[Benzova] acknowledges and agrees that [Waterhead] is and shall be the exclusive owner in perpetuity throughout the world of all right, title and interest in and to Works during and from the inception of their creation, including, without limitation, the worldwide copyrights therein and thereto and the exclusive right to copyright such Works in [Waterhead's] name, and to exercise all rights of the copyright proprietor thereof. In connection with the foregoing, [Benzova] acknowledges and agrees that each Work is a "work made for hire" within the meaning of the United States Copyright Act of 1976 and for the purpose of all other copyright laws throughout the world." Benzova continued to perform services under this agreement during tour dates in 2010, 2011, 2012 and 2016. Benzova was paid in excess of $48,000 by Waterhead pursuant to this initial agreement. Benzova then entered into a "Crew Member Employment Memorandum" with Gundam Productions dated March 10, 2016, executed by Benzova on July 7, 2016, which had a "commencement date" of "March 30, 2016 or upon first day of work." This agreement states, "You [i.e., Benzova] acknowledge and agree that the results and proceeds of your services rendered during the Term will be on a 'work-for-hire' basis. We [i.e., Gundam Productions] shall own the copyrights and all intellectual property rights to all of the video and photographs created by you during the term of your employment. In addition, we [i.e., Gundam Productions] shall have the right, but not the obligation to use your name, likeness, voice and biographical material in connection with the results and proceeds of your services hereunder." Benzova was paid more than $275,000 over the course of 2016-2022 by Gundam Productions.

10. Benzova also entered into a "Crew Member Employment

Memorandum" with Gundam Touring dated August 1, 2021, executed by Benzova on August 28, 2021. Like the March 10, 2016 agreement with Gundam Productions, this agreement states, "You [i.e., Benzova] acknowledge and agree that the results and proceeds of your services rendered during the Term will be on a 'work-for-hire' basis. We [i.e., Gundam Productions] shall own the copyrights and all intellectual property rights to all of the video and photographs created by you during the term of your employment. In addition, we [i.e., Gundam Productions] shall have the right, but not the obligation to use your name, likeness, voice and biographical material in connection with the results and proceeds of your services hereunder." Benzova was paid more than $125,000 over the course of 2017-2022 by Gundam Touring.

11. Notwithstanding any issues regarding the "work made for hire" agreements, the evidence establishes Benzova provided Plaintiffs with an express oral and/or implied non-exclusive license to use the photographs and videos she was paid to take. Because consideration was provided, the license is irrevocable. *Asset Mktg. Sys. v. Gagnon*, 542 F.3d 748, 757 (9th Cir. 2008) ("*Gagnon*").

12. The written agreements and communications, the oral discussions and the course of conduct between the parties demonstrate Benzova granted Plaintiffs a license to use the photographs and videos at issue. Indeed, Benzova was paid hundreds of thousands of dollars for taking photographs and videos of GN'R. Plaintiff never stated that Plaintiffs' use of her photographs was improper until after she stopped working for Plaintiffs.

13. With respect to an implied license, (a) Plaintiffs requested the creation of the photographs by specifically hiring Benzova to take photographs and videos of GN'R pursuant to written agreements, (b) Benzova took the requested photographs and videos, and delivered them to Plaintiffs by placing them in a drop box to which Plaintiffs had access, and (c) Benzova intended that Plaintiffs copy and distribute her work as evidenced by her delivering the photographs to the drop

**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF**

box that she knew would result in the photographs being posted online and otherwise used, and also evidenced by her failure to state Plaintiffs were not authorized to use the photographs she was hired to take until she no longer worked for Plaintiffs. Thus, an implied license was granted. *Gagnon*, at 754-755.

14. There is an actual, substantial and justiciable controversy between Plaintiffs and Benzova. Counsel purporting to represent Benzova contacted Plaintiffs' representatives on or about October 9, 2023 with an amorphous and specious claim of copyright infringement in connection with the photographs and videos that are subject to the agreements described above. Plaintiffs subsequently did a litigation search and discovered Benzova unsuccessfully attempted to initiate a copyright infringement action in this district on or about March 30, 2023 against some of the Plaintiffs and affiliated persons and entities, United States District Court for the Central District of California, Case No. 2:23-cv-02367, however, the case was apparently dismissed based on Benzova's failure to properly file the complaint.

15. Benzova's claims have been asserted without legal or factual basis and mandate a judicial determination and declaration establishing that (a) Plaintiffs have an irrevocable express oral and/or implied irrevocable license to use Benzova's photographs, and (b) Benzova has no legal or factual basis to assert infringement against Plaintiffs or any affiliated person or entity in connection with any of the works created by Benzova while providing services described herein.

16. Benzova's claims also fail because she is equitably estopped from claiming copyright infringement since she knew of and consented to Plaintiffs' use of the photographs and videos, she supported Plaintiffs' use of the photographs and videos, and Plaintiffs detrimentally relied on Benzova's statements and conduct. Benzova similarly acquiesced to and ratified Plaintiffs' use of the photographs and videos, and waived any copyright claims.

17. Benzova's claims also fail under the doctrine of laches and based on

the applicable statute of limitations, because she has known of Plaintiffs' use of the videos and photographs since 2010, but took no action for over a decade and still has not filed an operative pleading alleging copyright infringement.

18. Benzova's claims also fail because she would be unjustly enriched if allowed to proceed on any copyright claims since she was aware of Plaintiffs' use of the photographs and videos, and entered into agreements and received payments for such use while remaining silent as to any purported misuse of the photographs and videos.

19. Further, Benzova is not entitled to statutory damages, damages for willful infringement and/or attorney's fees for any alleged infringement that occurred prior to any photographs and/or videos being registered with the U.S. Copyright Office.

20. Finally, any claim Benzova may have based on California's Unfair Competition Law, California *Business & Professions Code* § 17200. et seq., is preempted by the Copyright Act.

//
//
//
//
//
//
//
//
//
//
//
//
//

WHEREFORE, Plaintiffs respectfully request judgment against Defendant Benzova as follows:

1. A judicial determination and declaration that (a) Plaintiffs have an irrevocable express oral or implied license to use the photographs and videos Benzova was paid to take, and (b) Benzova has no legal or factual basis to assert infringement against Plaintiffs or any affiliated person or entity in connection with any of the works created by Benzova while providing services described herein;

2. For costs and attorney's fees incurred herein; and,

3. For such other and further relief as the Court deems just and proper.

Dated: January 16, 2025

GUTMAN LAW

By: */s/ Alan S. Gutman*
Alan S. Gutman
Attorneys for Plaintiffs GUNDAM TOURING SERVICES US, LLC, GUNDAM PRODUCTIONS, LLC and WATERHEAD INTERNATIONAL, INC.

**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF**